**UNITED STATES of America, Plaintiff—Appellee**

v.

**Rodrick LIGHTEARD, Defendant—Appellant.**

**No. 06–50641**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 25, 2007.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

929

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before KING, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM: *

Rodrick Lighteard pleaded guilty to possession of more than five grams of cocaine base, in violation of 21 U.S.C. § 844, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Lighteard was sentenced to concurrent imprisonment terms of 188 months on his drug conviction and 120 months on his firearm conviction. He appeals his firearm conviction.

Lighteard challenges his firearm conviction on the ground that the factual basis supporting his plea did not establish that the firearm he possessed had traveled in or affected interstate commerce. Because Lighteard did not challenge the sufficiency of the factual basis in the district court, this court reviews the issue for plain error. *See United States v. Castro–Trevino*, 464 F.3d 536, 541 (5th Cir.2006). The record contains no indication that Lighteard ever took issue with whether the firearm had traveled in or affected interstate commerce, and Lighteard does not argue that he would not have pleaded guilty but for the district court's error, thus waiving any such argument. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004); *United States v. Edwards*, 303 F.3d 606, 647 (5th Cir.2002). As such, Lighteard has failed to make the requisite showing. *See Castro–Trevino*, 464 F.3d at 544.

Lighteard also argues that § 922(g)(1) is unconstitutional on its face because it does not require a substantial affect on interstate commerce, relying on *Jones v. United States*, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), and *United States v.*

---

*Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). This argument is foreclosed by this court's precedent. *See United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir.2001); *United States v. Rawls,* 85 F.3d 240, 242 (5th Cir.1996).

Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.